# EXHIBIT A

# CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This Confidential Settlement and Release Agreement ("Agreement") dated August 29, 2024 (the "Effective Date"), is made by and between Body Lounge Beauty Bar & Spa LLC, a limited liability company organized under the laws of the State of New York ("Body Lounge Bar & Spa"), and Buttt Cupping Inc., a corporation organized under the laws of the State of New York, with a principal office located at 9508 Queens Blvd Apt 4D, Rego Park, NY, 11374, on behalf of itself and its owners, including, directors, representatives, employees, and Suzanna Aronova (Buttt Cupping Inc. and Suzanna Aronova shall be collectively "Buttt Cupping"), (each a "Party", collectively, the "Parties").

This Agreement is entered into with reference to the following facts and recitals, which are true to the best of the Parties' knowledge and belief, and are made part of this Agreement:

**WHEREAS**, The Parties wish to resolve any and all claims and disputes related to the use and ownership of "Body Lounge" (the "Dispute") without litigation and without incurring further expenses;

**WHEREAS**, The Parties desire to resolve the Dispute;

**NOW THEREFORE**, in consideration of the mutual covenants herein contained, the Parties agree as follows:

1. **Obligations.** Buttt Cupping shall perform the following (collectively, the "Obligations") within ten (10) business days following the Effective Date of this Agreement:

    a. Cease using "Body Lounge" in its entirety in any manner or form, whether written or orally, related to any current or future business in the medical spa, health, hygiene, beauty, or wellness industry, and any current or future marketing materials, logos, phrases, or other related commercial uses;

    b. Rename its Instagram account currently designated as "body_lounge," and any other social media or online platform utilizing "Body Lounge", in its entirety to a completely rebranded and unrelated name and remove all social media posts utilizing "Body Lounge" and refrain from using "Body Lounge" in any future social media posts referring to medical spa, health, hygiene, beauty, or wellness related services;

    c. Change its website name from "bodyloungenyc.com" to a completely rebranded alternative.

Buttt Cupping acknowledges and agrees that any rebranded material, marketing, social media account, or renamed business name shall not utilize "Beauty Bar & Spa" in its entirety and/or in any confusingly similar manner.

2. **Release.** Body Lounge Bar & Spa, for and in consideration of Buttt Cupping's full and timely performance of its Obligations, to be determined in Body Lounge Bar & Spa's absolute discretion, releases and forever discharges Buttt Cupping, which as used in each instance in this Agreement shall also include its partners, agents, representatives, employees, heirs, predecessors, successors, assigns, attorneys of record, and insurers, in both their official and individual capacities, from any and all claims, counterclaims, cross-claims, suits, debts, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, complaints, damages, sums of money, interest,

attorney's fees and costs, or causes of action of any kind or nature whatsoever, whether in contract, at law or in equity, that were made or could have been made pursuant to any legal theory, and under any federal, state or local law, rule, canon, opinion, statute, regulations, constitution, ordinance, common law, or public policy or related to the Dispute, whether known or unknown, from the beginning of the world through the date of this Agreement. Buttt Cupping releases and forever discharges Body Lounge Bar & Spa, which as used in each instance in this Agreement shall also include their partners, agents, representatives, employees, heirs, predecessors, successors, assigns, attorneys of record, and insurers, in both their official and individual capacities, from any and all claims, counterclaims, cross-claims, suits, debts, dues, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, complaints, damages, sums of money, interest, attorney's fees and costs, or causes of action of any kind or nature whatsoever, whether in contract, at law or in equity, that were made or could have been made pursuant to any legal theory, and under any federal, state or local law, rule, canon, opinion, statute, regulations, constitution, ordinance, common law, or public policy or related to the Dispute, whether known or unknown, from the beginning of the world through the date of this Agreement.

    **3.** **Covenant Not to Sue.** Should any Party, or anyone acting on behalf of a Party or under their direction, file any lawsuit or arbitration claim for the claims settled by this Agreement (other than for a breach of this Agreement), then the Party in which the suit or claim has been made against, or anyone acting on its behalf in such a suit or claim, shall have the right to plead this Agreement as a defense to such an action.

    **4.** **No Outstanding or Known Future Claims or Causes of Action**. Each Party represents and warrants that it has not filed with any governmental agency or court any type of action or report against the other Party, and currently knows of no existing act or omission by the other Party that may constitute a claim or liability.

    **5.** **Confidentiality**. The terms and conditions of this Agreement are absolutely confidential between the Parties, their representatives, and attorneys and shall not be disclosed to anyone else, except as follows: (i) with the prior written consent of the other Party to this Agreement; (ii) as required by an order of a Court or administrative body, with the disclosing Party having given the other Party a reasonable opportunity to prevent the disclosure by seeking a protective order; (iii) as necessary to comply with public disclosure requirements under state and federal law, if any; or (iv) each Party may disclose the terms of this Agreement to the accountants, financial advisors, and attorneys representing the Parties to the extent reasonably necessary for tax purposes.

    **6.** **Mutual Non-Disparagement**. The Parties, including their senior officers and directors, agree not to make any written or oral statement that disparages the other Party, or their respective officers, directors, employees, partners, stockholders, investors, successors, assigns, agents, affiliates, business practices, products or services in any manner likely to be harmful to them or their business, business reputation, or personal reputation. Notwithstanding the foregoing in this paragraph, the Parties may respond accurately and fully to any question, inquiry or request for information when required by legal process or in connection with a government investigation.

    **7.** **Advice of Counsel.** The Parties warrant, represent and agree that in executing this Agreement, and in accepting the consideration, the Parties do so with full knowledge of any and all rights which the Parties may have with respect to the controversy herein compromised and that the Parties agree that they had the opportunity to receive independent legal advice from attorneys with regard to the

facts relating to said controversy and with respect to the rights and asserted rights arising out of said facts.

**8.** **Attorneys' Fees and Other Costs**. Each Party agrees to bear their own expenses for attorneys' fees and any and all other fees and costs incurred by them relating to the Dispute and this Agreement.

**9.** **Authority.** Each signatory to this Agreement expressly warrants to the other Party that he, she or it has the authority to execute this Agreement on behalf of the Party to be bound by his, her or its signature, and on behalf of each and every principal or other owner of a legal, equitable or beneficial interest in such Party. The Parties further warrant and represent that no other person or entity has any interest in the matters released herein, and that the Parties have not assigned or transferred or purported to assign or transfer to any person or entity all or any portion of the matters released herein.

**10.** **Entire Agreement; Amendments to the Agreement**. This Agreement represents the full, complete and entire agreement between the Parties and fully supersedes any and all prior or contemporaneous agreements and understandings pertaining to the subject matter hereof. Neither this Agreement nor any provision hereof may be changed, waived, discharged or terminated, save and except by an instrument in writing signed by the Party against whom enforcement of the change, waiver, discharge or termination is sought.

**11.** **Interpretation**. This Agreement is the result of a negotiated settlement and may not be construed as having been prepared by any one Party. Moreover, the captions and headings within this Agreement are for ease of reference only and are not intended to create any substantive meaning or to modify the terms and clauses either following them or contained in any other provision of this Agreement. Should any provision, clause and/or language of this Agreement be found to be in violation of law, or ineffective or barred for any reason whatsoever, the remainder of the Agreement shall remain in full force and effect.

**12.** **Choice of Law.** This Agreement shall be governed by the laws of the State of New York.

**13.** **Severability.** Should any court, agency, or other tribunal determine that any provision of this Agreement is unenforceable, such determination may not affect the enforceability of the other provisions contained in this Agreement.

**14.** **Execution in Counterparts.** This Agreement may be executed in counterpart copies which, taken together, shall constitute the agreement of the Parties. A facsimile or email of any signature hereto shall be as valid as the original.

*[signature page to follow]*

**IN WITNESS WHEREOF** and having read and understood all of the terms and conditions of this Agreement in consultation with its/his/her counsel, each Party hereto has caused this Agreement to be executed as of Effective Date.

**Suzanna Aronova**

By: ___Suzanna Aronova (Aug 29, 2024 08:06 EDT)___

Date: __08/29/2024__, 2024

**Buttt Cupping, Inc.**

By: ___Suzanna Aronova (Aug 29, 2024 08:06 EDT)___

Print: Suzanna Aronova

Title: Owner

Date: __08/29/2024__, 2024

**Body Lounge Bar & Spa**

By: __Veleka Willis__

Print: Veleka Willis

Title: Owner

Date: __09/05/2024__, 2024