UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

BODY LOUNGE BEAUTY BAR & SPA LLC,

          Plaintiff

-against-

BUTTT CUPPING, INC. a.k.a. BODY LOUNGE,

          Defendant.

Civil Action No.:

**COMPLAINT**

---

Plaintiff Body Lounge Beauty Bar & Spa LLC, a New York limited liability company, ("Body Lounge Beauty Bar & Spa" or "Plaintiff"), upon information and belief, alleges against Defendant Buttt Cupping, Inc. (a.k.a. Body Lounge) ("Body Lounge" or "Defendant") as follows:

## NATURE OF THE DISPUTE

1. This action arises from Defendant's willful and continued infringement of Plaintiff's U.S. Trademark "Body Lounge Medical Spa" Service Mark (Trademark Registration No. 7532376) (the "Mark"), which Plaintiff has been using to operate its medical spa services business located in New York City.

2. Defendant operates a medical spa in Astoria, New York, named Body Lounge, a business in the same industry and same geographic location as Plaintiff and uses Plaintiff's legally protected Mark in its daily business operations without Plaintiff's consent.

3. Defendant has been using Plaintiff's Mark as signage on its physical premises, on its website and its social media, including Facebook and Instagram, to promote its business in derogation of Plaintiff's federal trademark rights.

4. Despite formal notice of Plaintiff's exclusive trademark rights and its execution of a

Settlement Agreement with Plaintiff in August of 2024, Defendant has nonetheless continued to infringe on Plaintiff's rights in the Mark by using the Mark to operate and promote its competing business.

5. Through its unauthorized use of Plaintiff's Mark on its website, social media and its physical premises, Defendant has diverted countless patients who sought Plaintiff's services to its competing business, resulting in significant economic losses to Plaintiff.

6. Unfortunately, Plaintiff's economic losses were not limited to losses that resulted from lost income from patients who received their services from the Defendant, because they were improperly diverted to the Defendant's spa by Defendant's duplicitous use of Plaintiff's federally protected Mark in its advertising on social media and beyond.

7. Plaintiff has received many complaints from dissatisfied patients of the Defendant, who were induced to use Defendant's services through Defendant's misuse of Plaintiff's Mark, because they thought that they had received their medical spa services from Plaintiff.

8. Defendant's appropriation of the Plaintiff's Mark has significantly damaged Plaintiff's reputation in the community of patients Plaintiff serves and, aside from its past and present losses, will likely lead to substantial economic losses in the future.

9. Therefore, Plaintiff brings this action for statutory damages for federal trademark infringement under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) as well as related state law claims under New York law.

## PARTIES

10.     Plaintiff is a limited liability company duly organized under the laws of New York State with a principal place of business located at 1041 3rd Ave #201, New York, N.Y. 10065.

11.     Defendant Buttt Cupping, Inc. (aka Body Lounge) is, upon information and belief, a domestic corporation with its principal place of business located at 30-89 38th St, Queens, N.Y. 11103.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action under Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114 and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This Court has supplemental jurisdiction over related New York state law claims pursuant to 28 U.S.C.§ 1367(a).

13.     Venue in this Court is proper under 28 U.S.C. § 1391(b)(1) because the Defendant operates its business in this District.

## FACTUAL BACKGROUND

14.     For more than six years, Plaintiff has operated Body Lounge Beauty Bar and Spa, a New York medical spa that provides a variety of medical spa professional services.

15.     Plaintiff has used the Mark commercially since April of 2018 and has dedicated significant time and funds to building its brand.

16.     Plaintiff has spent substantial sums on advertising "Body Lounge" medical spa in New York and promoting it on social media.

17.     Plaintiff has spent a great deal of time developing customer goodwill and its reputation in the medical spa services community in a variety of ways.

18.     Upon information and belief, Defendant was operating a similar business in

Astoria, New York, providing medical spa services, under the name Buttt Cupping.

19. In August of 2022, Plaintiff learned that Defendant began to advertise its services under the name "Body Lounge." Since then, Plaintiff has been receiving several complaints each week from dissatisfied patients of the Defendant, who were induced to use Defendant's services through Defendant's misuse of Plaintiff's Mark, because they thought that they had received their medical spa services from Plaintiff.

20. On February 19, 2023, Plaintiff's attorney sent Defendant a cease-and-desist letter requesting that it immediately discontinue the unauthorized use of Plaintiff's Mark.

21. For a while, Defendant's counsel expressed its interest in resolving the matter amicably, but no agreement was reached.

22. In May of 2024, Plaintiff's attorney, sent another cease-and-desist letter in another attempt to resolve this matter.

23. On August 29, 2024, Defendant executed a settlement agreement (the "Settlement Agreement") with Plaintiff. *See* Ex. A. Defendant agreed to cease its use of the Mark "in any manner or form, whether written or orally," rename and rebrand its Instagram account and "any other social media or online platform…in its entirety to a completely rebranded and unrelated name and remove all social media posts utilizing the [Infringing Mark]," and "change its website name to a completely rebranded alternative." *See id*. at 1a, 1b.

24. Despite its execution of the Settlement Agreement, Defendant failed to discontinue its use of the Mark.

25. On September 20, 2024, Plaintiff's attorney sent an email to the Defendant's attorney advising him of Defendant's breach of the Settlement Agreement given Defendant's continued use of Plaintiff's Mark on its website, social media and its physical office.

26. Upon information and belief, shortly thereafter, Defendant made some changes to its website and social media, nonetheless remaining in breach of the Settlement Agreement.

27. In clear violation of its obligation under the Settlement Agreement to change its name to "a completely rebranded and unrelated name," Defendant changed its name on Instagram and its website URL from Body Lounge to Body Language. *See id.*

28. It appears evident that Defendant's new name, Body Language, which sounds like Body Lounge, was specifically chosen to confuse the potential patients of Plaintiff and mislead them into using Defendant's services. *See, e.g.,* Ex. B (client Instagram message).

29. To mitigate its damages from Defendant's misconduct, Plaintiff has spent an additional $20,000 on its social media advertising.

30. Despite its agreement to stop using the Mark, Defendant's website still expressly refers to the Mark.

31. Defendant's Instagram account still includes social media posts featuring the Mark.

32. Defendant's Facebook account still features the Mark as its business name.

33. Defendant's offices located at 30-89 38th St, Queens, NY 11103 continue to feature the Mark on its front window. *See* Ex. C *(*photograph of the Defendant's storefront on September 30, 2024).

34. Defendant's continued use of the Mark without authorization has confused the public, harmed Plaintiff's profits and reputation and continues to cause serious economic injury to Plaintiff.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under Section 32 of the Lanham Act)

35.  Plaintiff hereby incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 34 above.

36.  Plaintiff owns the U.S. Trademark "Body Lounge Medical Spa" Service Mark (Trademark Registration No. 7532376). *See* Ex. D (USPTO Registration of the Mark).

37.  Plaintiff has continuously used the Mark in commerce since April of 2018 in advertising and promoting its medical spa services business.

38.  Defendant has used the Mark without Plaintiff's consent or authorization in derogation of its agreement with Plaintiff to cease using Plaintiff's Mark.

39.  Defendant's use of the Mark has misled patients who sought to use Plaintiff's services into using its own services instead.

40.  Through its use of Plaintiff's Mark in advertising on its website, its social media and the physical sign on its premises, Defendant has diverted countless patients who sought Plaintiff's services to its competing business, resulting in significant economic losses to Plaintiff.

41.  Plaintiff has received many complaints from dissatisfied patients of the Defendant, who were induced to use Defendant's services through Defendant's misuse of Plaintiff's Mark, because they thought that they had received their medical spa services from Plaintiff.

42.  As a result, Defendant's appropriation of the Plaintiff's Mark has significantly damaged Plaintiff's reputation in the industry and, aside from its past and present losses, will likely lead to substantial economic losses to its business in the future.

43.  Accordingly, Defendant's conduct constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CLAIM FOR RELIEF
### (False Designations of Origin and False Descriptions and Representations
### Under Section 43(a)(1)(A) of the Lanham Act)

44. Plaintiff incorporates by reference and realleges each allegation contained in paragraphs 1 through 34.

45. Plaintiff's Mark is a valid, protectable mark, widely recognized by consumers as identifying Plaintiff's medical spa services business.

46. Defendant's unauthorized use of Plaintiff's Mark in commerce through its website and social media, including Facebook and Instagram causes customer confusion and leads to the mistaken belief that Defendant is associated with Plaintiff or that Defendant's services are approved by Plaintiff.

47. Defendant's actions are willful, undertaken with the intent to trade on Plaintiff's reputation and goodwill, given Defendant's deliberate use of Plaintiff's trademark in connection with the operation of its competing spa business.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer loss of revenue and profits from customer diversion and irreparable harm to its reputation and goodwill.

49. Plaintiff has no adequate remedy at law to address the harm caused by Defendant's conduct.

50. Accordingly, Defendant's conduct constitutes trademark infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## THIRD CLAIM FOR RELIEF
**(Deceptive Acts and Practices Under Section 349 of New York General Business Law)**

51. Plaintiff hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 34.

52. Defendant's unauthorized use of Plaintiff's Mark on its website, its social media, and its physical premises misleads the public and diverts business from Plaintiff.

53. Defendant's intentionally misleading conduct in using Plaintiff's Mark to identify and promote its services is material. Defendant has misled many consumers who mistakenly identified Defendant's business as Plaintiff's, as evidenced by the complaints Plaintiff has received, and continues to receive, regarding Defendant's services.

54. Plaintiff has lost many customers and suffered very substantial harm to its reputation as a result of Defendant's misconduct.

55. Defendant has caused and continues to cause irreparable harm to Plaintiff and the public at large.

## FOURTH CLAIM FOR RELIEF
**(Breach of Contract)**

56. Plaintiff hereby incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 34.

57. Defendant executed a valid Settlement Agreement with Plaintiff, that provided, in relevant part that: (i) Defendant would cease using the Plaintiff's Mark in its entirety in any manner or form, (ii) Defendant would rename their social media or online platforms using Plaintiff's Mark to a completely rebranded and unrelated name, and (iii) Defendant would remove all social media posts utilizing the Plaintiff's Mark. *See* Ex. A at 1. a-c.

58. Plaintiff has performed its obligations under the Settlement Agreement.

59. Defendant has failed to perform its obligations under the Settlement Agreement, by continuing to use the Plaintiff's Mark on its website, social media and its physical premises and failing to rebrand its business.

60. As a direct and proximate result of Defendant's breach of the Settlement Agreement, the Plaintiff has suffered and continues to suffer damages to its profits and reputation.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Award Plaintiff statutory damages for each act of infringement pursuant to 15 U.S.C. § 1117(c), in an amount determined by the Court, including treble damages for willful infringement;

2. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

3. Issue a permanent injunction enjoining Defendant and its agents, employees, and representatives from: (a) using Plaintiff's Mark in any manner; (b) advertising, promoting, or offering its services under Plaintiff's Mark; and (c) engaging in any conduct likely to cause confusion as to the source and affiliation of Defendant's services with Plaintiff's business.

4. Award Plaintiff the costs of this action, including reasonable attorneys' fees under 15 U.S.C. § 1117(a) and

5. Grant such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
January 22, 2025

                                      Respectfully submitted,

*Alexander Rayskin*
Alexander Rayskin, Esq.
Of Counsel to
GOUCHEV LAW PLLC
*Attorneys for Plaintiff*
45 Rockefeller Plaza, 20th Floor
New York, NY 10111