**KUSHMAKOV LAW, P.C.**
71-50 Austin Street, Ste. 205
Forest Hills, New York 11375
(646) 694-0248
Eduard@KushmakovLaw.com

July 7, 2025

<u>VIA:ECF</u>
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Kiyo A. Matsumoto, U.S.D.J.
225 Cadman Plaza East
Courtroom 6B South
Brooklyn, New York 11201

|  |  |
|---|---|
| **RE:** | **Body Lounge Beauty Bar & Spa LLC v. Buttt Cupping, Inc.** |
| **Case No.** | **1:25-cv-1257 (KAM) (JAM)** |

Dear Judge Matsumoto:

This office represents Defendant Buttt Cupping, Inc ("Defendant") in the above-referenced case. Defendant respectfully submits this letter as a reply in further support of its letter motion to dismiss ("Motion") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

Plaintiff's opposition all but admits that (a) the Complaint is based on claims that were resolved in the Agreement; (b) the conduct alleged in the Complaint constitutes a breach of the Agreement; and (c) Plaintiff has no legal support for the arguments made in its opposition, which is bereft of any authority in support.

Plaintiff's first three causes of action are precluded by the release and covenant not to sue provisions, which limit Plaintiff's claims to an action under the Agreement. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94–95 (2d Cir. 2011) (holding that "a valid covenant not to sue may strip district courts of jurisdiction."), *aff'd*, 568 U.S. 85 (2013); *see also Frydman v Akerman*, 280 F Supp 3d 418, 426 (SDNY 2017) ("New York law favors enforcement of valid releases.") (citations omitted).

Here, Plaintiff provides no basis to the contrary. In fact, the language it quotes directly from the Complaint indicates no new infringement;[1] rather, it explicitly refers to claims released in the Agreement. *See* Complaint ¶¶ 24-28 (referring to changes made in accordance with the Agreement), 30-32 (using language such as "still" in reference to the Agreement), 38 (alleging that

---

[1] Plaintiff makes reference to settlement discussions – protected under Rule 408 of the Federal Rules of Evidence ("FRE") – concerning alleged infringement. This runs afoul of FRE 408, which, relevant here, prevents the Court from admitting into evidence any **"conduct or a statement made during compromise negotiations about the claim"** to prove its validity. *See* FRE 408(a)(2). To prevent potential misrepresentation by Plaintiff's counsel, and to avoid running afoul of FRE 408 itself, the undersigned respectfully requests that the Court permits Defendant leave, to submit under seal, the contents of the discussions referenced by Plaintiff solely to rebut its attempt to prove the validity of its claims by referencing inadmissible settlement discussions. In any event, these references are beyond the pleadings and should not be considered by the Court.

Defendant "used the Mark...in derogation of its [A]greement). Moreover, the "complaints Plaintiff has received, and continues to receive" are supported by a singular message purportedly from Instagram by an account named "henrycliud_" from August 8, 2023, a year before the execution of the Agreement. *See* Complaint, Ex. B.  The foregoing demonstrates that the conduct predates the settlement agreement, and unequivocally shows that the foregoing claims were released in the Settlement Agreement.

Thus, it is clear that Plaintiff's sole remedy here is to bring an action under the Settlement Agreement – which is precisely what this case concerns. As such, the trademark and GBL claims must be dismissed, and this action should be dismissed for lack of subject matter jurisdiction as Plaintiff's sole remedy is to bring an action for alleged breach of the Agreement. *See Times Mirror Magazines, Inc. v. Field & Stream Licenses Co.*, 103 F. Supp. 2d 711, 740–41 (S.D.N.Y. 2000) (the "strong public interest in the judicial policy of encouraging extra-judicial settlement of trademark litigation" and the "strong public interest in protecting the reliance that contracts induce" together "weigh[ ] in favor of enforcing the parties' agreements"), *aff'd*, 294 F.3d 383 (2d Cir. 2002).

As to Plaintiff's GBL claim and its argument regarding same, Plaintiff essentially asks the Court to ignore that (a) Plaintiff is a medical practice; (b) Defendant is not a medical practice; and (c) Plaintiff failed to satisfy the pleading standards to plead its GBL claim. It supports no case law for its position that, and likewise fails to explain how, a reasonable consumer can plausibly confuse the services of a physician with Defendant's services. *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018).

As such, this case must be dismissed and Plaintiff may refile its breach of contract action in state court.

Defendant thanks this Court for its time and consideration and looks forward to the conference on July 31, 2025.

Respectfully submitted,

/s/ Eduard Kushmakov
Eduard Kushmakov, Esq.

CC: All parties via ECF