**GOUCHEV LAW**
NEW YORK

**Alexander Rayskin, Esq.**
Direct Tel. (212) 537-9209 ext.24
alexander@thebusinesslawfirm.com

July 15, 2025

<u>**VIA ECF**</u>

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    <u>**Body Lounge Beauty Bar and Spa LLC v. Buttt Cupping Inc., Civil Action No. 1:25-cv-01257 (KAM)(JAM)**</u>

Dear Judge Matsumoto:

      This Office represents Plaintiff, Body Lounge Beauty Bar and Spa LLC, in the above-captioned matter. Pursuant to the Court's July 11, 2025 Order, Plaintiff respectfully submits this amended pre-motion letter addressing Defendant's arguments concerning the covenant not to sue.

      The law in the Second Circuit looks with disfavor upon agreements intended to absolve a party from the consequences of its wrongdoing. *See Golden Pacific Bancorp v. Federal Deposit Ins. Corp.,* 273 F.3d 509, 515 (2d Cir. 2001). An agreement which "purports to excuse a party from responsibility for misconduct is subject to the closest of judicial scrutiny." *See id.*; *see also Joao v. Cenuco, Inc.,* 376 F. Supp. 2d 380, 383 (S.D.N.Y 2005) ("releases and covenants not to sue are subject to the closest of judicial scrutiny to determine the intent of the parties."). For a document to constitute a release from liability, it must contain an explicit, unmistakable and unequivocal statement by one party that it intends to abandon its right to prosecute a present or future claim against the other party." *Joao,* 376 F. Supp. 2d at 383.

      Here, the defendant can point to no such statement. The covenant not to sue provision (Paragraph 3 of the Settlement and Release Agreement ("Agreement") here reads, in its entirety, as follows:



"Should any Party or anyone acting on behalf of a Party or under their direction, file any lawsuit or arbitration claim for the claims settled by this Agreement (other than for a breach of this Agreement), then the Party in which the suit or claim has been made against, or anyone acting on its behalf in such a suit or claim, shall have the right to plead this Agreement as a defense to such an action."

Contrary to the defendant's contentions, this provision merely purports to give Defendant "the right to plead this Agreement as a defense[1]." It does not suggest, let alone explicitly state, that a federal court is precluded from exercising subject matter jurisdiction over Plaintiff's claims. Nor does it contain any language that is "explicit, unmistakable, and unequivocal" indicating that Plaintiff "intend[ed] to abandon its right to prosecute a present or future claim" against Defendant. *Golden Pacific Bancorp v. FDIC*, 273 F.3d 509, 515 (2d Cir. 2001). Critically, the provision offers no indication that the parties intended to release claims for Defendant's post-Agreement infringement alleged in the Complaint. *See* Complaint at ¶¶ 30-33, 42, 48. For these reasons alone, Defendant's argument fails.

The cases which Defendant cites reference a basic and uncontroversial proposition: when parties settle a dispute by mutually releasing claims, absent reasons to the contrary, courts will enforce that agreement. In *Kamfar v. New World Rest. Group, Inc.*, the parties' agreement that included provisions of release and covenant not to sue, involved mutual payments to resolve an amount in dispute. *See* 347 F. Supp. 2d 38, 43. In *Joao*[2], the parties' agreement involved a confidentiality provision that prohibited either party from disclosing information discussed. 376 F. Supp. 2d at 384. Defendant's position here is fundamentally different. Defendant did not release any claims against Plaintiff because Defendant had no claims to release.

It defies logic to suggest that Plaintiff intended to relinquish its Lanham Act rights and remedies for Defendant's infringement of Plaintiff's service mark, in exchange for nothing more than its own unilateral agreement not to sue Defendant. At a minimum, such a reading cannot possibly support a finding that Plaintiff "intend[ed] to abandon its right to prosecute a present or future claim against the defendant." *Golden Pacific Bancorp v. FDIC*, 273 F.3d at 515.

Defendant's reliance upon the release provision to challenge this Court's jurisdiction is also unavailing. The provision expressly refers only to claims up to the date of the execution of the Agreement: "from the beginning of the world through the date of

---

[1] The term "defense" is commonly understood to mean an affirmative defense on the merits (such as a release or a waiver) rather than a jurisdictional bar.

[2] The Court denied defendant's motion to dismiss for lack of subject matter jurisdiction because "there is no provision, express or otherwise, releasing any infringement claims Joao might have against Cenuco" … Defendant's position — that, because the patents were discussed during the negotiations, claims relating to the patents (including infringement claims) were waived — is utter nonsense." *Joao,* 376 F. Supp. 2d at 384.

this Agreement." *See* Agreement at ¶2. There is no indication that the parties contemplated or intended to release claims for Defendant's post-Agreement infringement. Unless parties expressly agree otherwise, it is well-settled that releases are inapplicable to conduct subsequent to the execution of the release. *See, e.g., Remington Rand Corp. v. Amsterdam-Rotterdam Bank, N.V.*, 68 F.3d 1478, 1485 (2d Cir. 1995) ("Although the releases shield the [defendants] from any liability for any conduct through their effective dates, they do not protect the [defendants] from liability arising from any subsequent conduct."); *Schneider v. Revici*, 817 F.2d 987, 993 (2d Cir.1987) ("To `release ... from all liabilities' can plausibly be understood only to relinquish claims currently existing, rather than to promise not to sue in the future on claims that may subsequently arise."). Like the covenant not to sue provision here, this release provision offers no indication that the parties intended to release claims for Defendant's post-Agreement infringement alleged in the Complaint. *See* Complaint at ¶¶ 30-33, 42, 48.

In light of the above, Defendant's assertion that "the release provision clearly establishes that all claims against Defendant have been compromised" is at odds with the language of the Agreement and applicable precedent. Defendant's Letter, dated June 20, 2025, at 2. Defendant's assertion that the "covenant not to sue provision expressly limits "any lawsuit or claim" to a breach of the Settlement Agreement is obviously inconsistent with the language of the Agreement at issue here and applicable caselaw. *Id.* This is especially so because "New York requires that a covenant not to sue must be strictly construed against the party asserting it." *Schneider,* 817 F.2d at 993. Similarly, the defendant's position that Complaint at issue here is an action to enforce a settlement agreement[3] is refuted by the specific allegations of post-Agreement infringement in the Complaint and the language of the Agreement between the parties at issue here.

Plaintiff welcomes the opportunity to discuss these issues further at the upcoming conference or as the Court otherwise directs.

Respectfully submitted,

Alexander Rayskin

Alexander Rayskin

---

[3] Accordingly, *Thurston v. Flyfit Holdings, LLC*, No. 18-CV-9044 (PAE) (SN), 2020 WL 2904065, at *2 (S.D.N.Y. June 3, 2020), which addresses an action to enforce a settlement agreement is not applicable to this case.